# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | NO. 1:11-cr-00238-TWP-KPF |
| | ) | |
| | ) | |
| MICHAEL L. RUSSELL, | ) | -01 |
| PAUL C. BATEMAN, JR., and | ) | -02 |
| MANUEL GONZALEZ, | ) | -03 |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on three (3) separate Motions *in Limine* filed by the United States of America (the "Government"). The first motion, Dkt. # 88, seeks to preclude the defense from making any mention to the jury of the potential penalty faced by any defendant in the event of a guilty verdict on any of the counts of the indictment in this cause of action. The second motion, Dkt. # 89, seeks to preclude the defense from introducing any evidence or testimony regarding the adversary proceeding against Elaine Walters, No. 09-050429 in the United States Bankruptcy Court for the Southern District of Indiana. The third motion, Dkt. # 96, seeks to preclude the defense from introducing any evidence or testimony regarding the adversary proceedings in the United States Bankruptcy Court for the Southern District of Indiana against Michael L. Russell, Adversary No. 09-50679; Paul C. Bateman, Jr., Adversary No. 09-50678; and Manual Gonzalez, Adversary No. 09-50677.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings

must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

For the reasons stated below, the Government's Motion *in Limine* [Dkt. # 88] is **granted** and the Government's Motion *in Limine* [Dkt. # 96] is **granted.** The Government's Motion *in Limine* [Dkt. # 89] is **granted in part** and **denied in part.** The Court will address each Motion in turn.

1. <u>**The Government's Motion *in limine* Dkt.# 88**</u>

The Government has moved for an Order *in Limine* excluding any reference to the potential sentence faced by any defendant in the event of a guilty verdict on any of the counts of the indictment in this cause. Defendants Russell and Gonzalez have no objection to the Motion and Defendant Bateman Jr. has not responded. Because the jury has no sentencing function in this case and no statute requires that the jury be informed of the consequences of a guilty verdict, the Motion is **granted**.

2. <u>**The Government's Motion *in limine* Dkt.# 89**</u>

Elaine Walters performed work for the Russell Foundation from early 2006 through May 2008 and the Government alleges she was a member of the inner circle of the Russell Foundation. The Government intends to call Elaine Walters as a witness to testify "extensively" about the Russell Foundation and the actions of the Defendants in the financial affairs of the Russell Foundation. The Government has moved to exclude the defense from introducing any evidence of an adversary proceeding against Ms. Walters, number 09-50429 in the United States Bankruptcy Court for the Southern District of Indiana, on the basis that Fed.R.Evid. 608 (b) precludes this evidence because it is not probative of her untruthfulness and it is irrelevant to the issues of each Defendant's knowledge and intent to commit the charged offenses. The motion is granted with

respect to evidence that an adversary bankruptcy proceeding was filed, a trial held, that Mr. Walters was found to be credible and that Judge Lorch entered a judgment in favor of Mrs. Walters. However, the Motion is denied with respect Defendant's ability to cross-examine Ms. Walters relating to the operation of the financial affairs of the Russell Foundation and the Defendants themselves and offer impeachment evidence regarding statements made under oath by Ms. Walters at a prior proceeding. Therefore, the Motion *in limine* is **granted in part** and **denied in part**.

3.    The Government's Motion *in limine* Dkt.# 96

Finally, the Government has moved for an Order *in limine* precluding the defense from introducing any evidence or making any reference during the trial of the bankruptcy proceedings against Michael Russell, Adversary No. 09-50679; Paul C. Bateman, Jr., Adversary No. 09-50678; and Manuel Gonzalez, Adversary No. 09-50677. Defendant Russell has no objection to the Motion, Defendant Gonzalez objects to the Motion and Defendant Bateman Jr. has not responded.

Pursuant to Fed.R.Evid. 401 and 402 the Government argues that evidence of the bankruptcy court proceedings filed and later dismissed against each defendant is irrelevant to the issues of each defendant's knowledge and intent to commit the charged offenses and therefore is inadmissible. Further, the Government argues that Fed.R.Evid. 608(b) bars the extrinsic use of evidence of the adversary proceedings for purposes of attacking the character for truthfulness of any witness, including a testifying defendant and precludes use of evidence of the adversary proceedings to cross examine any witness, including a testifying defendant.

Defendant Russell agrees that since the bankruptcy proceedings did not proceed to trial on the merits where exhibits were introduced and testimony taken, evidence regarding these proceedings is not relevant. The Court agrees. Any probative value is minimal and substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury.

Precluding testimony regarding the adversary proceedings will not impair any defendant's Sixth Amendment right to confront the witnesses against him. See *United States v. Graffia*, 120 F.3d 706, 712 (7th Cir. 1997) (district court may limit scope and extent of cross examination based on concerns about prejudice and marginally relevant questions); *United States v. Valles,* 41 F.3d 355, 359 (7th Cir. 1994) (so long as the jury is able to make a discriminating appraisal of the witness's testimony, restrictions on scope of cross-examination do not violate a defendant's Sixth Amendment right of confrontation). The Court finds the Motion has merit and will **grant** the Government's motion *in limine* [Dkt.96.].

During trial, if any Defendant believes the testimony limited by this order becomes relevant and admissible, counsel must first approach and request a hearing outside of the presence of the jury.

SO ORDERED:

Date: 08/24/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kimberly Shawntee Robinson
attyrobinson@msn.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com