UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:11-cr-00238-TWP-DKL |
| MICHAEL L. RUSSELL (01), | ) |
| PAUL C. BATEMAN, JR. (02), | ) |
| MANUEL GONZALEZ (03), | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

This matter is before the Court on the parties' motions *in limine*. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

The Government's motion *in limine* (Dkt. 116) requests that Defendants be precluded "from introducing any evidence of, eliciting any testimony regarding, or making any reference, either direct or indirect, to [witness Elaine Walter's] alleged offer to alter financial data in an effort to help the Devington Community Development Corporation ["DCDC"] obtain a government grant." Dkt. 116 at 1. Defendant Michael L. Russell's motion *in limine* (Dkt. 120) requests that the Government be precluded from "introducing any evidence of, eliciting any

testimony regarding, or making any reference, either direct or indirect, to the Russell Foundation bankruptcy" cause of action. Dkt. 120 at 1. Finally, Defendant Manuel Gonzalez's motion *in limine* (Dkt. 123) requests that the Government be precluded from referencing evidence of settlement during the bankruptcy proceeding, Mr. Gonzalez's personal financial difficulties during the relevant period of time, false statements made by agents of the Defendants without a proper foundation, and statements made by Mr. Gonzalez to the Government consisting of an offer of assistance in the investigation against Defendants Russell and Bateman. The Court will address each motion in turn.

1. **The Government's Motion *in Limine* (Dkt. 116)**

Pursuant to Federal Rules of Evidence 608(b)(1), 401, and 403, the Government's motion *in limine* seeks to bar admission of evidence that witness Elaine Walters ("Ms. Walters") suggested the DCDC hire an accountant to alter financial figures being used in grant applications. A brief review of the facts relevant to Ms. Walters is necessary. Ms. Walters worked for The Russell Foundation for two years, 2006 through 2008. She was a member of the inner circle, referred to as the "Sacred Seven." The Government intends to call Ms. Walters at trial to testify about The Russell Foundation and the Defendants' actions in the financial affairs of The Russell Foundation. During its investigation for the indictment in this case, the Government interviewed a witness from DCDC, for which Ms. Walters had been writing grant applications since 2008. The witness alleged that Ms. Walters suggested DCDC hire an accountant to alter financial figures so that DCDC could illegally obtain additional grants.

The Government seeks to exclude evidence about this incident offered against Ms. Walters. Defendants do not contest that Rule 608(b)(1) bars extrinsic evidence that proves specific instances of a witness's conduct in order to attack the witness's character for

truthfulness.  However, Defendants argue the Court should, in its discretion, allow Ms. Walters to be cross-examined about the incident because it is probative of her character for untruthfulness.

The Government contends that even if the Court finds that the incident is probative of Walters's character for untruthfulness, the evidence does not satisfy the relevancy strictures of Rules 401 and 403.  In response, Defendants argue that Walters's credibility is relevant and "to prohibit the introduction of evidence and cross-examination of Walters regarding her own involvement in activities involving dishonesty, deceit or fraud would most assuredly not guarantee [Defendants] the opportunity for effective cross-examination with regard to Walters['s] credibility and bias."  Dkt. 130 at 2.  The Court agrees that the DCDC incident would shed light on Walters's credibility.

Yet the Government argues that any probative value is "substantially outweighed" by the danger of unfair prejudice and misleading the jury.  *See* Fed. R. Evid. 403.  Specifically, it argues the evidence of the incident would "unfairly prejudice the jury against the [G]overnment by causing the jury to discredit Ms. Walters['s] testimony regarding The Russell Foundation and the actions of defendants in its financial affairs because of the subsequent DCDC offer."  Dkt. 116 at 7.  Further, it argues there is an "additional danger that the evidence will mislead the jury from addressing the key facts presented by Ms. Walters['s] testimony—each [D]efendant's involvement in the financial affairs of The Russell Foundation—by causing it to consider whether Ms. Walters made the DCDC offer an, if so, whether the offer was made with the criminal intent to use fabricated figures or was simply an offer to have a CPA review, evaluate, and revise the existing numbers if appropriate."  Dkt. 116 at 7.

Taking this all into consideration, the Court finds that the alleged DCDC incident is probative of Walters's credibility and at this time, the potential for prejudice and misleading the jury is unknown. If the Government intends to call Walters as a witness, Defendants will be allowed to fully cross-examine her. Any objections to whether the cross-examination is misleading to the jury or prejudicial to the Government can be resolved at trial when the evidence is before the Court. Therefore, the Government's motion *in limine* is **DENIED**.

## 2. Defendant Michael Russell's Motion *in Limine* (Dkt. 120)

Pursuant to Federal Rules of Evidence 608(b) and 403, Defendant Russell seeks to preclude substantive evidence of The Russell Foundation's bankruptcy proceedings. Specifically, Russell argues this evidence is irrelevant, its probative value is outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury, and has no bearing on Russell's character for truthfulness. The Government responds that The Russell Foundation is an integral part of the fraud scheme and the bankruptcy was a result of the fraud scheme. Evidence about the bankruptcy may be a natural part of witness testimony, and whether the evidence results in unfair prejudice or confusion depends upon the circumstances surrounding the reference. The Court agrees with the Government that a limiting instruction can be used to clarify the meaning of any such evidence. Furthermore, the Court agrees with the Government that Russell's motion essentially equates a bankruptcy with Rule 404(b) evidence of other bad acts; an argument that is "dubious" on its face. Dkt. 126 at 2. The Court accepts the Government's statement that it "has no intention of using the bankruptcy in this way to try to gain an unfair advantage" nor will it use "gratuitous references to the bankruptcy to circumvent proving that [T]he Russell Foundation was nothing more than a fraud scheme." Dkt. 126 at 2. Therefore, Russell's motion *in limine* is **DENIED.**

### 3. Defendant Manuel Gonzalez's Motion *in Limine* (Dkt. 123)

Pursuant to Federal Rules of Evidence 408, 410, 401, 402, and 403, Defendant Gonzalez seeks to preclude various subjects of evidence. First, Gonzalez argues the Government cannot introduce evidence related to litigation, settlements, or negotiations between The Russell Foundation's bankruptcy estate and any other party. Such evidence would violate Rule 408 and would "suggest to the jury that Gonzalez, as a former employee of [The Russell Foundation], must have done something wrong" because The Russell Foundation was willing to settle with investors and creditors. The Government responds that this request is simply one to enforce the Federal Rules of Evidence and the Government has no intention of introducing such evidence. Similarly, Gonzalez also seeks to preclude evidence that he offered to assist the Government during plea negotiations under Rule 410. The Government responds that it has no intention of introducing such evidence. Nevertheless, in keeping with the Federal Rules of Evidence, the portions of Gonzalez's motion regarding bankruptcy settlements and his plea negotiations are **GRANTED.**

Second, Gonzalez argues that evidence relating to his unemployment and financial situation is irrelevant to the issues. The Government responds that this evidence is quite relevant, as proof of financial troubles goes toward his motive in perpetrating fraud. The Court agrees that this evidence is relevant. Gonzalez further argues such evidence is highly inflammatory and should be precluded under Rule 403. The Court finds, however, that any prejudice does not substantially outweigh the evidence's probative value; evidence that Gonzalez had financial trouble is hardly inflammatory. Furthermore, a limiting instruction could inform the jury that evidence of Gonzalez's finances is only probative of his motive to commit the charged crimes.

Finally, Gonzalez argues that the Government cannot introduce statements made by agents of the Defendants without first establishing a link between the Defendants and any oral statements made by third parties that were in furtherance of the fraud to make those statements admissible. Furthermore, he argues that such statements are irrelevant because the statements alone "cannot form the basis of a fraud." Dkt. 123 at 5. The Government responds that any legal burden establishing a link in this regard is satisfied by its *Santiago* proffer (Dkt. 119). Moreover, it argues "[i]t is up to the Court on a case-by-case basis to decide whether a witness's testimony has become so attenuated to the defendants as to become irrelevant." Dkt. 131 at 3. The Court agrees with the Government. Assuming a proper link is or will be made to Defendants—an issue that is properly addressed when the testimony is offered—the relevancy of this evidence cannot be decided before trial. While in the Seventh Circuit cases cited by Gonzalez, mere oral statements with the intent to mislead could not alone support a fraud, those cases do not stand for the proposition Gonzalez asserts: despite his argument to the contrary, oral statements made with the intent to mislead are highly probative of whether a fraud occurred. Therefore, this portion of Gonzalez's motion is **DENIED.**

## CONCLUSION

For these reasons, the Government's motion *in limine* (Dkt. 116) is **DENIED**. Defendant Russell's motion *in limine* (Dkt. 120) is **DENIED**. Defendant Gonzalez's motion *in limine* (Dkt. 123) is **GRANTED in part** and **DENIED in part**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in *limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED. 01/16/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kimberly Shawntee Robinson
attyrobinson@msn.com

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov